J-S49013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS PAGAN, | |
| Appellant | No. 1281 EDA 2018 |

Appeal from the PCRA Order Entered April 5, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0310324-1997
CP-51-CR-0409201-1997

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 03, 2019**

Appellant, Luis Pagan, appeals *pro se* from the post-conviction court's April 5, 2018 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. We need only note that on January 14, 1999, Appellant was convicted of second-degree murder, robbery, aggravated assault, and related offenses. That same day, the court sentenced him to an aggregate term of life imprisonment, without the possibility of parole ("LWOP"). This Court affirmed his judgment of sentence on July 24, 2000, and he did not file a

_____

* Former Justice specially assigned to the Superior Court.

petition for allowance of appeal with our Supreme Court. ***Commonwealth v. Pagan***, 761 A.2d 1237 (Pa. Super. 2000) (unpublished memorandum).

On May 1, 2001, Appellant filed a *pro se* PCRA petition that was ultimately denied. After we again affirmed on appeal, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Pagan***, 883 A.2d 692 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 889 A.2d 1215 (Pa. 2005).

On August 22, 2012, Appellant filed a second, *pro se* PCRA petition, which underlies the present appeal. Therein, he argued that, although he was 18 years old at the time of his crimes, his mandatory sentence of LWOP should be deemed unconstitutional and illegal under ***Miller v. Alabama***, 567 U.S. 460 (2012) (holding that imposing a sentence of LWOP upon those under the age of 18 years old at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment). On March 21, 2016, Appellant filed a supplemental petition contending that ***Miller*** applies to him retroactively under ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016) (holding that ***Miller*** announced a new substantive rule that applies retroactively on state collateral review).

On March 16, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. He filed two *pro se* responses, but on April 5, 2018, the PCRA court issued an order dismissing his petition on the basis that it was untimely.

J-S49013-19

On April 23, 2018, Appellant filed a *pro se* notice of appeal.[1]  Herein, he

states three issues for our review:

> 1. Did the PCRA court err in failing to grant an evidentiary hearing here where … [Appellant's] co-defendant, German Cruz, had his sentence vacated and remanded for a resentencing hearing based on **Miller** … and **Montgomery**…?
>
> 2. Did the PCRA court err by failing to resolve [the] substantial question under state law [of] whether [Appellant] is entitled to equal protection of the law and a proportionate sentence pursuant to the [Eighth] Amendment, particularly in this circumstance where … he was merely present at the scene[,] … not armed, and did not shoot the victims?
>
> 3. Given that [Appellant] was a marginally older adolescent, age 18, at the time of the offense at-issue, did the PCRA court err by declining to determine whether the Supreme Court's rationale underlying **Miller** … and **Montgomery** … applies to a youthful adult offender who possessed the same juvenile characteristics that the Supreme Court found relevant to reduce culpability[,] thereby rendering a mandatory [LWOP] sentence disproportionate under the Eighth Amendment?

Appellant's Brief at 4 (unnecessary capitalization and emphasis omitted).

This Court's standard of review regarding an order denying a petition

under the PCRA is whether the determination of the PCRA court is supported

by the evidence of record and is free of legal error.  ***Commonwealth v.***

***Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the

---

[1] We recognize that Appellant filed a single notice of appeal listing two docket numbers.  Our Supreme Court recently held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket.  The failure to do so requires the appellate court to quash the appeal." ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018).  The Court tempered its holding, however, by making it prospective only.  The ***Walker*** opinion was filed on June 1, 2018; hence, this holding is not applicable in the instant matter, as Appellant filed his notice of appeal on April 23, 2018.

timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke

one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Here, Appellant's judgment of sentence became final in 2000 and, thus, his present petition, filed in 2012, is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant cannot overcome this hurdle by relying on *Miller*.

In *Commonwealth v. Lee*, 206 A.3d 1 (Pa. Super. 2019) (*en banc*), an *en banc* panel of this Court concluded that Lee, who was 18 years old at the time of her crimes, could not rely on *Miller* to meet the new retroactive right exception of section 9545(b)(1)(iii). Similarly to Appellant, Lee contended that the rationale of *Miller* should apply to her because she possessed "'characteristics of youth' that render[ed] her categorically less culpable under *Miller*." *Id.* at 7. In rejecting this argument, we reasoned that Lee was essentially asking "this Court to expand the holding of *Miller* to apply to her…." *Id.* While we recognized that "the scientific studies and principles underlying *Miller* informed its holding[,]" we stressed that "*Miller* says nothing about defendants who were 18 years old or older at the time of the commission of their crimes." *Id.* at 9. Thus, the *Lee* panel held that "age

---

[2] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar....” **Id.** at 11.

In the case *sub judice*, Appellant acknowledges that he was 18 years old at the time of the murder for which his mandatory LWOP sentence was imposed.[3] Consequently, **Lee** constrains us to conclude that Appellant cannot rely on **Miller** to meet a timeliness exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19

---

[3] This fact makes Appellant's case easily distinguishable from his co-defendant, German Cruz, who was granted resentencing under **Miller** because he was 17 years old at the time of the murder. **See Commonwealth v. Cruz**, No. 1769 EDA 2015, unpublished judgment order (Pa. Super. filed March 30, 2016). Cruz also requested relief under **Miller** via a timely-filed PCRA petition. **See id.** Thus, Appellant's argument that equal protection principles require us to afford him the same relief as Cruz is unavailing.